**Opinion issued July 14, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00920-CV

————————————

**PRASLA PROPERTY, INC., NAVROZ K. PRASLA, MEDIA FILMS CRAFT, INC., AND NAVROZMEDIANETWORK, INC., Appellants**

**V.**

**SPARK WEALTH INVESTMENTS, LLC, Appellee**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 24-DCV-319828**

---

## CONCURRING OPINION TO
## DENIAL OF EN BANC RECONSIDERATION

In reinstating this appeal, I don't believe we exercised our own brand of abstract justice or rescued sympathetic parties to feel good about ourselves. We simply used Rule 19 to reinstate after the filing fee was accidentally overlooked.

We all agree Texas appellate courts can vacate and modify their judgments until plenary power ends, and nothing hinders this authority on a party's untimely motion for rehearing. *See* TEX. R. APP. P. 19.1, 19.2.[1] This provides fallible judges some flexibility to tweak, correct, and set aside their rulings, facilitating the mandate to "reach the merits of an appeal whenever reasonably possible." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008).[2]

After we dismissed this appeal, if I had had second thoughts—perhaps because the clerk's record being filed the day after we dismissed signified Appellants' desire to proceed[3]—and convinced one or both panel members to

---

[1] This differentiates our case from *Humble Exploration Co. v. Browning*, issued several years before Rule 19. 690 S.W.2d 321 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). The Dallas Court concluded its inherent power did not allow the court to grant an untimely motion for rehearing filed without a motion to extend time required by the old rules of civil procedure, explaining the court lacked authority to act "in a manner contrary to the expressed rules in an extra-legal fashion." *Id.* at 325–28. Here, we didn't grant an untimely motion for rehearing but *sua sponte* reinstated the appeal in a manner consistent with the expressed rules in a legal fashion.

[2] Texas jurisprudence doesn't favor procedural death sentences. *See, e.g.*, *Borusan Mannesmann Pipe US, Inc. v. Hunting Energy Servs., LLC*, 716 S.W.3d 572, 575 (Tex. 2025) (issue forfeiture via Rule 38.1(i) "should be a last resort"); *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (defaulting defendant needs only some excuse, and not a good one, to get default judgment set aside); *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005) (bar is low to withdraw deemed admissions that preclude presentation of the merits); *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997) (motion for extension of time is implied if bona fide attempt to appeal made within fifteen-day period).

[3] We notified Appellants on November 25, 2025, that the filing fee was past due and a failure to pay may result in dismissal. On January 21, 2026, we notified Appellants that they had not paid for the clerk's record and a failure to pay may result in dismissal if they did not pay by February 20, 2026. The $1,447 clerk's record was

reinstate, we could've done so while we had plenary power under Rule 19. But because Appellants filed an untimely motion for rehearing, our plenary power ended? That can't be right.[4] I don't think the untimely filing of a motion for rehearing has jurisdictional consequences on our 60-day plenary power under Rule 19.1(a). *See In re Moss*, No. 01-16-00538-CV, 2016 WL 4126453, at *1 (Tex. App.—Houston [1st Dist.] Aug. 2, 2016, no pet.) (mem. op.) ("Once our plenary power expires, we no longer have jurisdiction to vacate or modify our judgment.").[5]

I stand by my warning that no one should construe this reinstatement as promoting defiance of the Rules. When Rules are violated, litigants don't know how a judge will react because each situation requires an exercise of discretion based on its unique circumstances. When a court allows an untimely expert designation, lawyers in other cases don't start ignoring DCO deadlines—they know the court's

---

filed on January 28, 2026, within the stated deadline, and we sent the parties a form notice about the briefing deadline notwithstanding the prior day's dismissal. Per their untimely motion for rehearing, Appellants believed all was good once they paid for the clerk's record.

[4] "It would surely defy common sense to hold that the District Court could have entered summary judgment *sua sponte* in favor of petitioner in the instant case, but that petitioner's filing of a motion requesting such a disposition precluded the District Court from ordering it." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

[5] I also don't think there's anything novel about our considering the arguments and evidence presented in the untimely motion for rehearing in deciding to *sua sponte* reinstate. It's similar to an untimely motion for new trial in that "the trial court may, at its discretion, consider the grounds raised in an untimely motion and grant a new trial under its inherent authority before the court loses plenary power." *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003).

discretionary decision doesn't automatically apply to all of that court's (or other courts') cases. I don't think future appellants will flout the Rules because we gave Prasla another chance as allowed by the Rules.

We've had a lot of fun debating the limits of our plenary power. Time to shift attention to the merits of this appeal.

Andrew Johnson
Justice

En Banc Court consists of Chief Justice Adams and Justices Rivas-Molloy, Guerra, Gunn, Caughey, Guiney, Morgan, Johnson, and Dokupil.

Justice Johnson, joined by Justices Rivas-Molloy, Gunn, Caughey, and Guiney, concurring in the denial of en banc reconsideration.

Justice Gunn, joined by Justices Rivas-Molloy, Guerra, Gunn, Caughey, Guiney, and Johnson, concurring in the denial of en banc reconsideration.

Chief Justice Adams, joined by Justices Morgan and Dokupil, dissenting to the denial of en banc reconsideration.

Justice Morgan, joined by Chief Justice Adams and Justice Dokupil, dissenting to the denial of en banc reconsideration.